IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:08CR47 |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | MEMORANDUM AND ORDER |
| RICHARD A. DAVIS, | ) ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 45) issued by Magistrate Judge Thomas D. Thalken recommending that the motion to suppress (Filing No. 23) filed by the Defendant, Richard A. Davis, be denied. Davis filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 46, 47) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Davis was charged in a two-count Indictment with receiving and distributing child pornography (Count I); and possession of child pornography (Count II). (Filing No. 1.) Davis seeks the suppression of statements and evidence obtained as a result of his encounter with law enforcement officers on November 1, 2007.

Following an evidentiary hearing, Judge Thalken issued a Report and Recommendation. (Filing No. 45.) Judge Thalken concluded: Davis voluntarily consented to the seizure of his computer; and he made voluntary statements to the officers. Judge Thalken therefore recommends that the motion to suppress be denied.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court must make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part,

the Magistrate Judge's findings or recommendations.  The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

Judge Thalken provided a detailed account of the events surrounding the encounter. (Filing No. 45, at 1-4.)  The Court has considered the transcript of the hearing conducted by Judge Thalken.  (Filing No. 37.)  The Court also carefully viewed the evidence.  (Filing No. 40.)  Davis states in his objections that he objects to "several findings of fact . . . made by Judge Talken [sic]" during the evidentiary hearing.  However, defense counsel has not clearly stated the factual findings to which he objects.  As stated below, however, based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Thalken's factual findings in their entirety.

## FACTUAL BACKGROUND

Officers conducted a knock-and-talk visit to Davis's home regarding information they had suggesting that he had received, distributed, or possessed child pornography.  Davis let the officers into his home and talked with them in his living room.  He stated verbally that officers could take his computer, and he signed a consent form.  He also made statements to the officers.

## ANALYSIS

Davis argues that officers threatened him and, therefore, his statements and consent to allow the seizure of his computer were involuntary. Characteristics of individuals giving consent which should be considered under the totality of the circumstances include: 1) age; 2) general intelligence and education; 3) whether the person was intoxicated or under the influence of drugs; 4) whether the person was informed of the right to withhold consent or advised of *Miranda* rights; and 5) whether, due to previous arrest(s), the person giving

consent was aware of the protections afforded to suspected criminals by the legal system. *United States v. Chaidez,* 906 F.2d 377, 381 (8th Cir.1990).

Davis had been employed by the federal immigration service for many years before he retired. His wife works for that service. Davis is college-educated. He was not under the influence of drugs or alcohol; he had no prior arrests; and he had not been advised of *Miranda* rights during the encounter. He allowed officers into his home, and then he conversed with them while seated in his living room for about fifteen minutes while his wife was in the next room. He was not threatened. Under the totality of the circumstances, the Court agrees with Judge Thalken that Davis was not in custody, was not threatened or intimidated, and he voluntarily made statements and agreed to the seizure of his computer.

## CONCLUSION

For the reasons discussed, the Report and Recommendation is adopted, the objections are overruled, and the Defendant's motion to suppress is denied.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 45) is adopted in its entirety;

2. The Statement of Objections to the Report and Recommendation (Filing No. 46) is denied;

3. The Defendant's Motion to Suppress (Filing No. 23) is denied.

DATED this 25th day of November, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge